ORIGINAL

LANNIE TRUONG
2892 N BELLFLOWER BLVD STE 318
LONG BEACH, CA 90815

Defendant, In Pro Per

**FILED**

NOV 3 0 2015

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA COURTHOUSE

| | |
|---|---|
| IN RE: ARTHER MASAOKA ) | **BANKRUPTCY CASE NUMBER:** |
| ) | 8:15-bk-13716-CB |
| ───────────────────── ) | |
| ) | Removed from Orange County |
| ) | County Superior Court of California |
| RUBY HUNTER; ARTHER MASAOKA ) | Case No.: 30-2012-0001378 |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | |
| LANNIE G TRUONG, an Individual; LAN ) | |
| ANH TRUONG, an Individual; THE LANNIE ) | |
| TRUONG REVOCABLE TRUST; THE ) | |
| LANNIE TRUONG TRUST; TRUONG ) | |
| LANNIE TRUST; THE PETER TRUONG ) | |
| TRUST; PETER TRUONG, an Individual; ) | |
| THI LAN TRUONG, an Individual; TRUONG ) | |
| AND MONTPELLIER INC., a business entity ) | |
| unknown; KENNETH OWEN JONES, JR, an ) | |
| individual; and DOES 1 THROUGH 40, ) | |
| inclusibe, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ───────────────────── ) | |

DEFENDANTS NOTICE OF REMOVAL AND REMOVAL - 1

## DEFENDANTS NOTICE OF REMOVAL

1.      Defendant LANNIE TRUONG (hereinafter "Defendant") was forced to file this Federal removal to complete frivolous litigation against filed by RUBY HUNTER and perpetrated by Unlawful Practice of Law by the vexatious litigant ARTHER MASAOKA.   After years of delaying tactics by ARTHER MASAOKA, he yet perpetrates another fraud of the court, viz filing a fake bankruptcy with no merit to delay this and other cases. Defendants LANNIE TRUONG and KENNETH OWEN JHONES JR only heard of the bankruptcy while awaiting trial for the attached complaint.   This case was not listed as an asset by Debtors, betraying the true merit of the case.  This case has been litigated in the Unlawful Detainer forum, with a motion for reconsideration (the Debtors were arrested and could not attend a hearing), and with a appeal in favor of TRUONG. This litigation is approaching 4 years and Defendant TRUONG is awaitingits natural and belated demise.

2.      Pursuant to rule 9027 of the FBCP this case must be removed into the bankruptcy of debtors ARTHER MASAOKA, RUBY HUNTER et al.

3.      Plaintiff filed a Summons Complaint August 15, 2012. (exhibit "A")

4.       Venue is proper in the Central District of California, because (a) original Defendant resides within Orange County in the Central District   and the Central District of California. Defendant will promptly file a copy of this notice of removal as a "Notice of Notice of Removal" with the clerk of the state court in the Superior Court for the State

of California in and for Orange County where the action was originally filed and has been pending.

5.      For all the above-and-foregoing reasons, removal of this action from Superior Court in and for Orange County, California, to the United States District Court for the Central District of California, is proper pursuant to all relevant statutes and law.

Respectfully submitted,

By: _____

LANNIE TRUONG, In Pro per      NOVEMBER 30, 2015

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 05 2013

ALAN CARLSON, Clerk of the Court

1  RUBY HUNTER & ART MASAOKA
   18030 Brookhurst Street, #311
2  Fountain Valley, CA 92708
   (714)742-3192
3

4  Plaintiff in Pro Per.

5

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF ORANGE

10

11

12  RUBY HUNTER, an individual;          ) CASE NO. 30-2012-00591378
    ART MASAOKA, an individual; and,     ) Judge Gregory Munoz
13  DOES 2 through 10, inclusive,        ) Department C13
                                         ) Action Filed: 8/15/12
14          Plaintiffs,                   )
                                         ) SECOND AMENDED COMPLAINT FOR:
15                                        )
    v.                                    ) 1.  BREACH OF IMPLIED WARRANTY
16                                        )     OF HABITABILITY;
    LANNIE G. TRUONG, an individual;     ) 2.  NEGLIGENCE;
17  LAN ANH TRUONG, an individual;       ) 3.  PRIVATE NUISANCE;
    LANANH TRUONG, an individual;        ) 4.  INTENTIONAL INFLICTION OF
18  THE LANNIE TRUONG REVOCABLE          )     EMOTIONAL DISTRESS
    TRUST; THE LANNIE TRUONG TRUST;      ) 5.  CONSTRUCTIVE EVICTION;
19  TRUONG LANNIE TRUST; THE PETER       ) 6.  COVENANT OF QUIET
    TRUONG TRUST; PETER TRUONG, an       )     ENJOYMENT;
20  individual; THI LAN TRUONG, an       ) 7.  FRAUD;
    individual; TRUONG &                 )
21  MONTPELLIER, INC., a business        )
    entity unknown; KENNETH OWEN         ) 8.  CONVERSION
22  JONES, JR., an individual; and       )
    DOES 1 through 40, inclusive,        ) JURY TRIAL DEMAND
23                                        )
            Defendants.                   ) UNLIMITED JURISDICTION
24  _____  )

25          Plaintiffs allege:

26

27                          1

28  _____
    SECOND AMENDED COMPLAINT

FIRST CAUSE OF ACTION

(Breach of Implied Warranty of Habitability As to LANNIE G. TRUONG, an individual; LAN ANH TRUONG, an individual; LANANH TRUONG, an individual; THE LANNIE TRUONG REVOCABLE TRUST; THE LANNIE TRUONG TRUST; TRUONG LANNIE TRUST; THE PETER TRUONG TRUST; PETER TRUONG, an individual; THI LAN TRUONG, an individual; TRUONG & MONTPELLIER, INC., a business unknown)

1.  At all times mentioned in this complaint, defendants LANNIE G. TRUONG, an individual; LAN ANH TRUONG, an individual; LANANH TRUONG, an individual; THE LANNIE TRUONG REVOCABLE TRUST; THE LANNIE TRUONG TRUST; TRUONG LANNIE TRUST; THE PETER TRUONG TRUST; PETER TRUONG, an individual; THI LAN TRUONG, an individual; TRUONG & MONTPELLIER, INC., a business entity unknown, (hereinafter defendant "TRUONG"), was the owner of a 1958 detached single story residential house, (referred to as "the Premises"), located at 7762 Liberty Drive, Huntington Beach, California.

2.  The true names or capacities whether individual, corporate, associate or otherwise of defendants, DOES 1 through 40, inclusive, and each of them, are unknown to plaintiffs RUBY HUNTER and ART MASAOKA (hereinafter collectively "PLAINTIFFS"), who therefore sue said defendants by such fictitious names. PLAINTIFFS are informed and believe and thereon allege that each of the defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to, and caused injuries and damages proximately thereby to PLAINTIFFS as herein alleged.

///

///

///

///

2

3.    On or about September 5, 2011, the PLAINTIFFS and defendant TRUONG who was and is the owner of the residential rental Premises entered into a written Rental Agreement by the terms of which defendants TRUONG rented the Premises to PLAINTIFFS on a month to month basis at an agreed upon rental amount of $1,300 payable in advance on the 5th of each and every month commencing on September 5, 2011.    At the time all parties entered into the subject written Rental Agreement the defendant TRUONG orally represented to the PLAINTIFFS that the Premises was "Ready to Rent" "Move in Ready" and that the Subject Property was "In Good Condition".    At the time of entering into the subject Rental Agreement the Defendant TRUONG agreed to remedy the following mutually known habitability defects:

Large accumulation of cut, decayed and loose tree branches, plants and paint supply debris, tall weeds all throughout the backyard.

Several windows that were not fully closed, had a 1" gap and were not operable because they were painted nearly shut.  Gaps and holes in walls that fail to provide effective waterproofing and weather protection of the exterior walls and included broken/rotted window frames and poor fitting and broken/rotted doors.

Large holes in wood flooring from dry rot.

At the time of entering into the Subject Rental Agreement and moving into the Subject Property the PLAINTIFFS were unaware of other significant unknown uninhabitability defects as outlined below until after the water, gas and electric utilities were activated.

4.    In accordance with the Subject Rental Contract and under the Implied Warranty of Habitability for residential rentals the Defendant TRUONG agreed to repair and maintain any and all of the above outlined defects as PLAINTIFFS discovered them and noticed to the defendant TRUONG. Defendant TRUONG offered to have a neighbor tenant, co-defendant KENNETH OWEN JONES, JR., (hereinafter, "defendant JONES"), provide the subject uninhabitability repairs under the instruction of and payment for repair services by and from defendant TRUONG.    Defendant TRUONG and PLAINTIFFS

3

SECOND AMENDED COMPLAINT

1  entered into an agreement for PLAINTIFFS to advance costs for the mutually agreed upon

2  uninhabitability repairs and defendant TRUONG would reimburse the PLAINTIFFS for money expended

3  to defendant JONES for repairs.    Beginning on September 5, 2011, the PLAINTIFFS began to tender

4  fees for costs and services to defendant JONES for about 30 days for work in an attempt to remedy

5  several of the habitability defects that were known before and after the PLAINTIFFS entered into the

6  Subject Rental Contract.    After 30 days of defendant JONES' work the PLAINTIFFS found that none of

7  the habitability defects were being remedied and PLAINTIFFS complained to defendant TRUONG and

8  defendant JONES to remedy the unrepaired uninhabitability defects.    In October 2011 the defendant

9  JONES refused to perform further uninhabitability repair work and for several months thereafter the

10  defendant TRUONG repeatedly agreed to hire another maintenance/repair person and/or reimburse the

11  PLAINTIFFS for additional habitability work.    By June 2012 the defendant TRUONG did neither and

12  told the PLAINTIFFS that defendant TRUONG had no money to repair any of the habitability defects.

13      5.    From October 2011 to August 15, 2012, the PLAINTIFFS provided monthly constructive

14  written notice to defendant TRUONG that they were in violation of **Civil Code Section 1941.1** that also

15  incorporates **Health and Safety Code Section 17920.30 and 17920.10**.    During the entire time that the

16  PLAINTIFFS were in possession of the Subject Property the Subject Property was unfit for human

17  occupancy in that it substantially failed to comply with applicable building and housing code standards

18  that materially affected the tenant's health and safety.    The habitability defects that PLAINTIFFS

19  repeatedly complained of and were never remedied were the following:

20

21  Several windows that were not fully closed, had a 1" gap and were not operable because they were

22  painted nearly shut.    Gaps and holes in walls that failed to provide effective waterproofing and weather

23  protection of the exterior walls, including painted ajar windows and poor fitting and broken doors.

24  Large fresh water leaks that accumulates in backyard area from a rusted through metal water supply pipe,

25  major sewer pipe leaks under the house at the crawl space and inside kitchen and bathroom sink areas,

26  clogged sewer drain pipes.

27  Unpermitted electrical wiring, bypassed circuit breakers, leaking gas pipes under the house in the crawl

28  space.

4

SECOND AMENDED COMPLAINT

1    Hot water heater leaks water inside the living areas of the Subject Property and failed to provide hot

2    water.  Hot water heater had no earthquake retaining straps and has no exterior pressure release discharge

3    vent, hot water heater was installed unpermitted several years ago and is prone to falling/dismounting due

4    to inadequate base support from major water leak dry rot.

5    Wall heater leaks natural gas, missing shut-off valve and has been inoperable for several years,

6    unpermitted natural gas pipe installation.

7    Inoperable electrical lighting due to defective, overheated and unpermitted wiring installation.

8    Inoperable electrical outlets in several rooms.

9    Defective, sagging, loose and rusted/rotted interior floors, exterior steps and railings.

10   Building and building grounds have large accumulation of paint cans and supplies, dead tree branches,

11   dead foliage, rodents and insects.

12   Lack of adequate water pressure and volume for a shower

13   On 8-23-2013, in frustration in the inability to obtain assistance from defendant TRUONG to remedy the

14   above listed uninhabitability defects the PLAINTIFFS complained to the city and county government

15   agencies to inspect and abate the above listed uninhabitability defects.  On 10-2-2013, the City Code

16   Enforcement and County Health Department  agencies "Red Tagged" and condemned the Subject

17   Property from further use as a habitable rental property as a result of the unpermitted and unlawful

18   modification of the bypassed circuit breakers and wiring, the raw sewage leak, and unpermitted and

19   unsafe water heater safety defects.     After the defendant TRUONG refused to repair the subject defects

20   PLAINTIFF continued to pay a licensed contractor to pull permits to repair the above referenced

21   uninhabitability defects to remove the "Red Tag" to access and remove the PLAINTIFF'S personal

22   household belongings.   On 9-2-2012, the defendant TRUONG retaliated by filing an Unlawful Detainer

23   action and on 10-10-2012, wrongfully evicted the PLAINTIFFS for their complaining to governmental

24   agencies about the numerous safety and health defects on the Subject Property.

25

26

27                                       J 5

28

SECOND  AMENDED  COMPLAINT

6.   Further, to promote constructive eviction there was continuous, willful and

intentional water flooding from a garden hose by defendant JONES from

an adjacent building next door also owned by defendant TRUONG caused

ongoing water flooding, stagnant water accumulation, resulting mud and

putrid stench under and around the Premises.   Defendant JONES knew or

should have known that continuous flooding on PLAINTIFFS' Premises

would cause PLAINTIFFS property damage and injuries but nevertheless

intended to injure the PLAINTIFFS and cause PLAINTIFFS personal

property damage that included flooding and filling the PLAINTIFFS'

septic tank, flooding all around PLAINTIFFS' Premises to cause mud

accumulation and slip and fall conditions.   In addition, defendant

JONES threw small rocks at the PLAINTIFFS' Premises, tapped on several

occasions the PLAINTIFFS' automobile with the defendant JONES'

automobile with the intent to harass the PLAINTIFFS, continuously

played loud music through outdoor speakers attached to defendant

JONES' building adjacent to PLAINTIFFS' Premises, mowed defendant

SECOND AMENDED COMPLAINT

1   JONES' lawn twice to three times a week and continuously operated the

2   engine on defendant JONES' lawnmower for no other reason than to

3   harass the PLAINTIFFS.   None of the above referenced conditions,

4   harassment and defects were known to and disclosed to PLAINTIFFS by

5   defendant TRUONG at the time PLAINTIFFS moved into the Premises.

6      7.   From September 5, 2011, to on or about March 12, 2012, the

7   PLAINTIFFS became increasingly aware of the numerous defective and

8   dangerous conditions listed above that warranted the Premises

9   uninhabitable, having safety hazards in the building and on the

10   Premises as well as the ongoing willful and intentional private

11   nuisance caused by defendant JONES and maintained by defendant TRUONG

12   that PLAINTIFFS suffered.   The defendants, and each of them, knew or

13   should have known that their acts and inactions would cause

14   PLAINTIFFS' injuries and property damage.   However, defendant JONES

15   and defendant TRUONG completely failed to remedy and exacerbated the

16   uninhabitability matters that caused damages as outlined in this

17   complaint.

18      8.   Commencing from on or about October 1, 2011, and continuing

19   through April 21, 2012, PLAINTIFFS repeatedly notified at least every

20   month to defendant TRUONG both orally and in writing of the defective

21   and dangerous conditions as described above in Paragraph 6 to 7 and

22   from October 4, 2011, to August 8, 2012, defendant JONES' acts of

23   ongoing private nuisance as outlined in the above referenced

24   paragraphs 6, willfully and intentionally flooding the PLAINTIFFS'

25   outside building Premises with water from defendant JONES' water

26   supply as well as defendant JONES' willful refusal and failure to

27   repair the water and sewer defects in the building interior Premises.

28

7

SECOND AMENDED COMPLAINT

1  PLAINTIFFS repeatedly requested that defendant TRUONG have them

2  repaired, but defendant TRUONG refused to repair any of these defects.

3  The defendant JONES' and defendant TRUONG'S inactions proximately

4  caused PLAINTIFFS' injuries and damages.

5     9.  PLAINTIFFS paid defendant TRUONG in the amount of $1,300 per

6  month for each month that PLAINTIFFS occupied the Premises for a total

7  sum of $14,300.

8     10.  The Premises as it existed in their defective and dangerous

9  condition had little or no rental value whatsoever or little or no

10  reasonable rental value of the Premises as they existed in their

11  defective and dangerous condition and with the private nuisance caused

12  by defendant JONES as outlined above.

13     11.  As a proximate result of defendant TRUONG'S breach of

14  implied warranty of habitability and defendant TRUONG'S failure to

15  repair the defective and dangerous conditions or to have them repaired

16  within a reasonable time or at all, PLAINTIFFS sustained general

17  damages in the amount of $100 per day for a total sum of $33,000.

18     12.  As a further proximate result of defendant TRUONG'S breach

19  of their implied warranty of habitability and their failure to repair

20  the defective and dangerous conditions the PLAINTIFFS suffered

21  property damage and economic loss including but not limited to having

22  to move the furniture and personal possessions out of the Premises in

23  the sum of $17,232.  As a further and proximate result of defendant

24  TRUONG'S breach of their implied warranty of habitability and their

25  failure to repair the defective and dangerous conditions the

26  PLAINTIFFS suffered property damage and economic loss in the sum of

27  $23,560.  As a further proximate result of defendants' maintenance of

8

28

SECOND AMENDED COMPLAINT

1    the nuisance, PLAINTIFFS suffered the sum of $33,000.  As a further

2    proximate result of defendants' maintenance of the nuisance,

3    PLAINTIFFS suffered discomfort and annoyance, all to PLAINTIFFS'

4    general damages in the sum of $33,000 or amount of $100 per day for

5    each day that PLAINTIFFS occupied the Premises.

<div align="center">SECOND CAUSE OF ACTION</div>

(Negligence; Negligent Maintenance of the Premises As to LANNIE
G. TRUONG, an individual; LAN ANH TRUONG, an individual;
LANANH TRUONG, an individual; THE LANNIE TRUONG REVOCABLE
TRUST; THE LANNIE TRUONG TRUST; TRUONG LANNIE TRUST;
THE PETER TRUONG TRUST; PETER TRUONG, an individual;
THI LAN TRUONG, an individual; TRUONG & MONTPELLIER,
INC., a business unknown; KENNETH OWEN JONES, JR.,
an individual; and DOES 1 through 40, inclusive)

13.    PLAINTIFFS hereby incorporate Paragraphs 1-12, inclusive, of
the First Cause of Action.

14.    Under the provisions of Civil Code Section 1941, defendant
TRUONG was required to put the Premises in a condition fit for human
occupation before renting them and to repair all subsequent
dilapidations, other than those caused by the tenant's want of
ordinary care that rendered the Premises uninhabitable.

15.    At the time defendant TRUONG rented the Premises to
PLAINTIFFS, the defendant TRUONG so negligently owned, maintained and
repaired the Premises as to cause them to be unfit for human occupancy
in that the Premises substantially failed to comply with the
applicable building and housing code standards that materially affect
the health and safety of the PLAINTIFFS/tenants.

///

///

///

<div align="center">9</div>

SECOND AMENDED COMPLAINT

16. Specifically, as a proximate result of defendant TRUONG'S negligence as alleged above, the Premises, at the time PLAINTIFFS took possession, was uninhabitable and unfit for human occupation as outlined in the above referenced Paragraph 6. None of these conditions as outlined in paragraph 6 above were known to PLAINTIFFS at the time PLAINTIFFS moved into the Premises.

17. From September 5, 2011, to April 22, 2012, the PLAINTIFFS became increasingly aware of the numerous defective and dangerous conditions as well as the private nuisance created by defendant JONES as outlined in the above referenced Paragraph 6 and it became more apparent to PLAINTIFFS that the Premises was uninhabitable and that defendant TRUONG would not remedy the private nuisance.

18. Commencing from on or about October 1, 2011, and continuing through April 21, 2012, PLAINTIFFS repeatedly notified at least every month to defendant TRUONG of the defective and dangerous conditions described in this complaint and requested that defendant TRUONG have them repaired and the subject private nuisance stopped but defendant TRUONG failed and refused to repair any of them and defendant JONES attempted to repair and failed to repair the plumbing defects inside the Premises and willfully and intentionally caused flooding of the outside of the Premises that caused the Premises uninhabitability conditions.

19. As a proximate result of defendant TRUONG'S and defendant JONES' negligence and their failure to repair the defective and dangerous conditions at all as alleged above, PLAINTIFFS suffered emotional distress and physical injuries; all to defendant TRUONG'S and defendant JONES' willful and intentional failure to stop the

10

SECOND AMENDED COMPLAINT

1    private nuisance and repair the defective and dangerous conditions at

2    as a proximate result thereof, all as alleged above, PLAINTIFFS were

3    required to and did incur medical and related expenses, all to their

4    further damage in the amount of $7,337.

5        21.  As a further and proximate result of defendant TRUONG'S and

6    defendant JONES' negligence and their failure to repair the defective

7    and dangerous conditions at all as alleged above, PLAINTIFFS suffered

8    property damage and economic loss all to their further damage in the

9    sum of $23,560.

10       22.  Defendant TRUONG and defendant JONES caused special damages

11   to PLAINTIFFS as a proximate result of the defective and dangerous

12   conditions that they negligently caused, maintained and/or exacerbated

13   the uninhabitability defects and private nuisance and suffered damages

14   in the amount of $33,000.

15       23.  Defendant TRUONG'S failure to put the Premises into a

16   condition fit for human occupancy at the time of renting them to

17   PLAINTIFFS and defendant TRUONG'S failure to repair the defective and

18   dangerous conditions after PLAINTIFFS notified defendant TRUONG of the

19   defects and Premises habitability and nuisance problems within a

20   reasonable time after was the proximate cause PLAINTIFFS' damages and

21   injuries.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

11

SECOND AMENDED COMPLAINT

## THIRD CAUSE OF ACTION

(Private Nuisance-Maintenance of Nuisance As to LANNIE G. TRUONG,
an individual; LAN ANH TRUONG, an individual; LANANH TRUONG,
an individual; THE LANNIE TRUONG REVOCABLE TRUST; THE
LANNIE TRUONG TRUST; TRUONG LANNIE TRUST; THE PETER
TRUONG TRUST; PETER TRUONG, an individual; THI LAN
TRUONG, an individual; TRUONG & MONTPELLIER, INC.,
a business unknown; KENNETH OWEN JONES, JR., an
individual; and DOES 1 through 40, inclusive)

24.  PLAINTIFFS hereby incorporate Paragraphs 1-12, inclusive, of the First Cause of Action.

25.  The defective and dangerous conditions of the Premises as alleged in this complaint constituted a nuisance within the meaning of Civil Code Section 3479 and Code of Civil Procedure Section 731 in that they deprived PLAINTIFFS of the quiet enjoyment, safe, healthy, and comfortable use of the Premises.

26.  As a proximate result of defendant TRUONG'S and defendant JONES' maintenance of the Private Nuisance the PLAINTIFFS suffered discomfort and annoyance, all to their general damage in the sum of $33,000 or amount of $100 per day for each day that PLAINTIFFS occupied the Premises as against all defendants as outlined in Paragraph 6 to 8 of the First Cause of Action.

27.  As further proximate result of defendant TRUONG'S and defendant JONES' maintenance of the Private Nuisance the PLAINTIFFS suffered property damage and economic loss including, but not limited to water damage to furniture, rugs, mattress, and curtains, all to PLAINTIFFS' further damage in the sum of $18,900.

///

///

///

12

28.   PLAINTIFFS also claim special damages against defendant TRUONG and defendant JONES for emotional distress and resulting loss of use of the Premises from each of the actions and inactions against all defendants in the amount over $25,000 and in an amount to be determined at the time of trial.

29.  In maintaining the nuisance, defendant TRUONG and defendant JONES acted with full knowledge of the consequences thereof and of the PLAINTIFFS' damage and injuries.   Despite this active knowledge, defendant TRUONG and defendant JONES failed to abate the Private Nuisance by not abating or not causing to abate their acts and not repairing the defective and dangerous conditions of the Premises or not causing them to be repaired.   Defendant TRUONG'S and defendant JONES' failure to act was both oppressive and malicious within the meaning of Civil Code Section 3294 in that it subjected PLAINTIFFS to cruel and unjust hardship in willful and conscious disregard of PLAINTIFFS' rights and safety, thereby entitling PLAINTIFFS to an award of punitive damages.   Defendant TRUONG'S and defendant JONES' failure to put the Premises into a condition fit for human occupation at the time of renting them to PLAINTIFFS and defendant TRUONG'S and defendant JONES' failure to repair the defective and dangerous conditions or to have them repaired within a reasonable time after PLAINTIFFS notified defendant TRUONG and defendant JONES of them or at all, as alleged above, were oppressive and malicious within the meaning of Civil Code Section 3294 in that they subjected PLAINTIFFS to cruel and unjust hardship in willful and conscious disregard of PLAINTIFFS' rights and safety, thereby entitling PLAINTIFFS to an award to punitive damages.

- - -

13

1

2

FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress As to LANNIE
G. TRUONG, an individual; LAN ANH TRUONG, an individual;
LANANH TRUONG, an individual; THE LANNIE TRUONG REVOCABLE
  TRUST; THE LANNIE TRUONG TRUST; TRUONG LANNIE TRUST;
THE PETER TRUONG TRUST; PETER TRUONG, an individual;
THI LAN TRUONG, an individual; TRUONG & MONTPELLIER,
  INC., a business unknown; KENNETH OWEN JONES, JR.,
    an individual; and DOES 1 through 40, inclusive)

30.   PLAINTIFFS hereby incorporate Paragraphs 1-12, inclusive, of

the First Cause of Action.

31.    Defendants. and each of them. acted intentionally and/or recklessly in failing to remedy the

subject uninhabitability defects and promoted existing  and new uninhabitability defects as well as other

tortuous acts to vex, harass, annoy and threaten the PLAINTIFFS to promote constructive and wrongful

eviction in retaliation for PLAINTIFF'S complaints to Defendants and government agencies for

Defendant TRUONG'S failure to remedy the numerous uninhabitability defects .

32.    Each of the Defendant's tortuous conduct were extreme, outrageous and oppressive and was the

direct and proximate cause of the PLAINTIFF'S severe emotional distress.

14

SECOND AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9

### FIFTH CAUSE OF ACTION

(Constructive Eviction As to LANNIE G. TRUONG, an individual;
LAN ANH TRUONG, an individual; LANANH TRUONG, an individual;
THE LANNIE TRUONG REVOCABLE TRUST; THE LANNIE TRUONG TRUST;
TRUONG LANNIE TRUST; THE PETER TRUONG TRUST; PETER TRUONG,
an individual; THI LAN TRUONG, an individual; TRUONG
& MONTPELLIER, INC., a business unknown;
and DOES 1 through 40, inclusive)

36.  PLAINTIFFS hereby incorporates Paragraphs 1-12, inclusive, of the First Cause of Action.

37.  From on or about November 1, 2011, to April 22, 2012, the defendant TRUONG willfully and intentionally failed to maintain the Premises with the intent to eventually reside in the Premises because defendant TRUONG'S own personal residence on 8692 Jockey Circle, Huntington Beach, California was in default and eventually sold at foreclosure sale on June 20, 2012.  Defendant TRUONG willfully and intentionally refused to maintain the Premises and willfully and intentionally failed to abate defendant JONES' private nuisance acts as outlined in paragraph 6 to promote the PLAINTIFFS to voluntarily leave the Premises and/or to not pay rent and/or to make the Premises so uninhabitable as to force the PLAINTIFFS to leave the Premises.

15

SECOND AMENDED COMPLAINT

38. As a proximate result of defendant TRUONG'S failure to maintain the Premises in a condition fit for human occupation and in accordance with the above notice, PLAINTIFFS were forced to repair some of the Premises defects and eventually forced to vacate the Premises.

39. As a proximate result of defendant TRUONG'S conduct, as alleged in this complaint, PLAINTIFFS suffered mental anguish, pain and physical injury, all to PLAINTIFFS' general damage in the sum of $33,000.

40. As a further proximate result of defendant TRUONG'S conduct and PLAINTIFFS' mental anguish and pain and physical injury, as alleged in this complaint, PLAINTIFFS were required to and did incur medical and related expenses, all to PLAINTIFFS' further damage in the sum of $7,337 to PLAINTIFFS' special damage in that sum.

41. As a further proximate result of defendant TRUONG'S conduct as alleged in this complaint, PLAINTIFFS were required to and did incur moving expenses in the sum of $7332, to PLAINTIFFS' special damage in that sum.

42. PLAINTIFFS also were forced on short notice and on an emergency basis to move their belongings and to clean, remediate and relocate to storage the water damaged personal belongings in the Premises and to pay for alternate housing.

43. Defendant TRUONG'S failure to maintain the Premises in a condition fit for human occupation was oppressive and malicious within the meaning of Civil Code Section 3294 in that it subjected PLAINTIFFS to cruel and unjust hardship in willful and conscious disregard of PLAINTIFFS' rights and safety, thereby entitling PLAINTIFFS to an

16

1  award of punitive damages.

2  <center>SIXTH CAUSE OF ACTION</center>

3  (Covenant of Quiet Enjoyment As to LANNIE G. TRUONG, an individual;
   LAN ANH TRUONG, an individual; LANANH TRUONG, an individual;

4  THE LANNIE TRUONG REVOCABLE TRUST; THE LANNIE TRUONG TRUST;
   TRUONG LANNIE TRUST; THE PETER TRUONG TRUST; PETER TRUONG,

5  an individual; THI LAN TRUONG, an individual; TRUONG
   & MONTPELLIER, INC., a business unknown;

6  and DOES 1 through 40, inclusive)

7  44. PLAINTIFFS hereby incorporates Paragraphs 1-12, inclusive,

8  of the First Cause of Action.

9  45. Defendant TRUONG had a legal duty to promote and maintain

10  quiet enjoyment of the Premises for the PLAINTIFFS to rent the

11  Premises. At the time that PLAINTIFFS rented the Premises in 9-6-

12  2011, the defendant TRUONG already listed the Premises for sale and

13  failed to disclose this fact to the PLAINTIFFS. All throughout the

14  day and night various prospective buyers continually knocked on the

15  door, walked on and in the Premises unannounced, inspected and

16  photographed the Premises and interviewed PLAINTIFFS that caused

17  PLAINTIFFS' loss of privacy and quiet enjoyment.

18  46. Further, defendant JONES, who rented an adjacent real

19  property from defendant TRUONG continuously played loud obnoxious

20  music from outside speakers permanently attached to his dwelling,

21  continuously watered his lawn day and night with noisy Rain Bird brand

22  sprinklers, continually operated his gasoline powered lawnmower and

23  mowed excessively 2 to 3 times a week and constantly operated his

24  lawnmower engine, willfully and intentionally flooded the outside of

25  the Premises with fresh water from his garden hose that caused chronic

26  stagnant putrid water, lots of mud accumulation, substantial water

27  runoff as well as ongoing calls for police activity because of

28

<center>17</center>

SECOND AMENDED COMPLAINT

1  altercations with other neighbors due to defendant JONES' above

2  referenced Private Nuisance behavior as outlined in paragraph 6. From

3  9-20-2011, to present, after repeated requests and complaints by

4  PLAINTIFFS to defendant TRUONG to try and get defendant JONES to stop

5  the ongoing harassment against PLAINTIFFS defendant TRUONG failed to

6  force defendant JONES to stop the ongoing Private Nuisance activities

7  and after PLAINTIFFS demanded defendant JONES to stop the ongoing

8  harassment defendant JONES refused to stop. As a proximate result of

9  defendant TRUONG'S failure to act and defendant JONES' conduct, as

10  referenced above in Paragraph 6 the PLAINTIFFS suffered extreme mental

11  anguish and emotional distress and physical injuries, all to

12  PLAINTIFFS' general damage in the sum of $33,000.

13      47.  As a further proximate result of defendant TRUONG'S and

14  defendant JONES' conduct and PLAINTIFFS' extreme emotional distress,

15  as alleged in this complaint, PLAINTIFFS were required to and did

16  incur medical and related expenses, all to PLAINTIFFS' further damage

17  in the sum of $7,337).

18      48.  In failing to correct the defects at all despite PLAINTIFFS'

19  numerous requests that defendant TRUONG and defendant JONES do so as

20  alleged in this complaint defendant TRUONG'S and defendant JONES'

21  conduct was malicious and oppressive, in that it was conduct carried

22  on by the defendant TRUONG and defendant JONES in willful and

23  conscious disregard of PLAINTIFFS' rights and subjected PLAINTIFFS to

24  cruel and unjust hardship. As a result the PLAINTIFFS are therefore

25  entitled to recover punitive damages.

26  ///

27  ///

18

28

SECOND AMENDED COMPLAINT

SEVENTH CAUSE OF ACTION

As to LANNIE
( FRAUD
      G. TRUONG, an individual; LAN ANH TRUONG, an individual;
            LANANH TRUONG, an individual; THE LANNIE TRUONG
         REVOCABLE TRUST; THE LANNIE TRUONG TRUST; TRUONG
            LANNIE TRUST; THE PETER TRUONG TRUST; PETER
               TRUONG, an individual; THI LAN TRUONG,
                an individual; TRUONG & MONTPELLIER,
                     INC., a business unknown; and
                     DOES 1 through 40, inclusive)

49. PLAINTIFFS hereby incorporate Paragraphs 1-12, inclusive, of the First Cause of Action.

50. On or about September 5, 2011, the owner of the Subject Rental Property defendant LANNIE TRUONG told the plaintiffs ART MASAOKA & RUBY HUNTER the following: 1). That the Subject Rental Property that defendant LANNIE TRUONG owned and offered for rent was "Ready to Rent" & "Move in Ready" & "In Good Condition." 2). That the defendant LANNIE TRUONG told the plaintiffs ART MASAOKA & RUBY HUNTER that she would remedy any known uninhabitability or major defects that were agreed upon and agreed to remedy any future unknown uninhabitability or major defects. 3). That defendant LANNIE TRUONG would reimburse the plaintiffs ART MASAOKA & RUBY HUNTER for any and all uninhaitability repair or major building defect cost that was approved. 4). That defendant LANNIE TRUONG would instruct and pay her tenant and co-defendant JONES to repair the agreed upon known uninhabitability or major defects.

51. Defendant LANNIE TRUONG knew that each of these representations she told the plaintiffs ART MASAOKA & RUBY HUNTER were false and defendant LANNIE TRUONG never intended to comply with her agreement with PLAINTIFFS to remedy any of the to be discovered and known approved uninhabitability defects.

19

SECOND AMENDED COMPLAINT

52. Defendant LANNIE TRUONG intended to defraud the plaintiffs ART MASAOKA & RUBY HUNTER with these false statements that the Subject Rental Property was "Ready to Rent" & "Move in Ready" & "In Good Condition" when in fact it was not and that it had several major defects that caused governmental agencies on 10-2-2012, to "Red Tag" and condemn the Subject Property for the Subject uninhabitability or major defects.

53. At the time the PLAINTIFFS entered the rental agreement the plaintiffs ART MASAOKA & RUBY HUNTER justifiably relied on defendant LANNIE TRUONG'S representation that the Subject Rental Property was "Ready to Rent" & "Move in Ready" & "In Good Condition" and had no reason to believe otherwise.    The PLAINTIFFS seek treble damages for this Fraud Cause of Action.

54. As a result of plaintiffs ART MASAOKA & RUBY HUNTER justifiable reliance on defendant LANNIE TRUONG'S false statements to plaintiffs ART MASAOKA & RUBY HUNTER as outlined above the plaintiffs ART MASAOKA & RUBY HUNTER suffered substantial damages and injuries.

EIGHTH CAUSE OF ACTION

(Conversion As to LANNIE G. TRUONG, an individual; LAN ANH TRUONG, an individual; LANANH TRUONG, an individual; THE LANNIE TRUONG REVOCABLE TRUST; THE LANNIE TRUONG TRUST; TRUONG LANNIE TRUST; THE PETER TRUONG TRUST; PETER TRUONG, an individual; THI LAN TRUONG, an individual; TRUONG & MONTPELLIER, INC., a business unknown; and DOES 1 through 40, inclusive)

55. PLAINTIFFS hereby incorporate Paragraphs 1-12, inclusive, of the First Cause of Action.

56. On August 25, 2012, and November 2, 2012, the defendants, and each of them, exercised dominion and control over the PLAINTIFF'S personal property by taking without the PLAINTIFF'S permission at any time the PLAINTIFF'S personal property.    The subject personal property included computer electronics, jewelry, power tools, construction equipment and related supplies in an amount over $25,000 and according to proof.

57. The PLAINTIFFS owned and had the right to possess the personal property in question at the time of the dominion and control over the PLAINTIFF'S personal property constituting interference.

20

SECOND AMENDED COMPLAINT

Access to the Plaintiff's residence by the Defendants on every occasion was by forced entry and the

1  Defendants permanently deprived the PLAINTIFF'S personal property for Defendant's own use.   The

2  defendants TRUONG intentionally exercised dominion and control over the PLAINTIFF'S personal

3  property and that the interference constituting conversion caused damages to the PLAINTIFFS.

       58.     Defendants, and each of them, acted with malice and oppression toward PLAINTIFFS

4  and with conscious disregard of PLAINTIFF'S rights.  Defendants should therefore be assessed punitive

5  damages in an amount sufficient to punish them.

6      WHEREFORE,   PLAINTIFFS   pray   judgment   against   defendants   as

7  follows:

8  On the FIRST CAUSE OF ACTION:

9  1.  For general damages in the sum of $17,232;

10  2.  For damage to personal property and economic loss in the sum of

11     $23,560;

12  3.  For punitive damages in an amount necessary to punish defendants.

13  On the SECOND CAUSE OF ACTION:

14  1.  For general damages in the sum of $ 56,560 or according to proof;

15  2.  For medical and related expenses in the sum of $7,337 or according

16     to proof;

17  3.  For general damages in the amount of $100 per day for each day

18     that plaintiffs occupied the Premises;

19  4.  For damage to personal property and economic loss in the sum of

20     $23,560;

21  5.  For punitive damages in an amount necessary to punish defendants.

22  On the THIRD CAUSE OF ACTION:

23  1.  For damage to personal property and economic loss in the sum of

24     $18,900;

25  2.  For special damages in the sum of $ 25,000 or according to proof;

26  3.  For punitive damages in an amount necessary to punish defendants.

27  ///

                           21

28

SECOND AMENDED COMPLAINT

On the FOURTH CAUSE OF ACTION:

1. For medical and related expenses in the sum of $7,337 or according to proof;

2. For general damages in the sum of $56,560 or according to proof.

On the FIFTH CAUSE OF ACTION:

1. For general damages for mental anguish & pain & physical injury in the sum of $33,000 or according to proof;

2. For medical and related expenses in the sum of $7,332 or according to proof;

3. For moving expenses in the sum of $7,300;

4. For punitive damages in an amount necessary to punish defendants.

On the SIXTH CAUSE OF ACTION:

1. For general damages for mental anguish & pain & physical injury in the sum of $33,000 or according to proof;

2. For medical and related expenses in the sum of $7,337 or according to proof;

3. For punitive damages in an amount necessary to punish defendants.

On the SEVENTH CAUSE OF ACTION:

1. For economic damages for the value of unreimbursed repairs and rent payments made while living in uninhabitable premises, according to proof;

2. For general damages for severe mental and emotional distress, according to proof;

3. For punitive damages in an amount necessary to punish defendants.

4. For Treble damages.

22

SECOND AMENDED COMPLAINT

On the EIGHTH CAUSE OF ACTION:

1.    For economic damages for the value of PLAINTIFFS' converted property, according to proof;

2.    For punitive damages in an amount necessary to punish defendants.

On ALL CAUSES OF ACTION:

1.    For costs of suit herein incurred; and

2.    For such other and further relief as the court may deem just and proper and according to equity.

Dated July 5, 2013

RUBY HUNTER
Plaintiff in Pro Per

Dated July 5, 2013

ART MASAOKA
Plaintiff in Pro Per

### JURY TRIAL DEMAND

Plaintiffs RUBY HUNTER and ART MASAOKA hereby demand trial by jury of the above cause.

23

SECOND AMENDED COMPLAINT

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 18030 Brookhurst Avenue, #311, Fountain Valley, California. On July 5, 2013, I served the foregoing document described as:

**SECOND AMENDED COMPLAINT & SUMMONS.**

on the interested parties in this action on the defendants in this action by telephone facsimile and by U.S. mail as follows on the parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Santa Ana, California, addressed as follows:

Lannie G. Truong
18692 Jockey Circle
Huntington Beach, CA 92648

Lan Anh Truong
18692 Jockey Circle
Huntington Beach, CA 92648

Lananh Truong
18692 Jockey Circle
Huntington Beach, CA 92648

The Lannie Truong Revocable Trust
18692 Jockey Circle
Huntington Beach, CA 92648

The Lannie Truong Trust
18692 Jockey Circle
Huntington Beach, CA 92648

Truong Lannie Trust
18692 Jockey Circle
Huntington Beach, CA 92648

The Peter Truong Trust
18692 Jockey Circle
Huntington Beach, CA 92648

Peter Truong
18692 Jockey Circle
Huntington Beach, CA 92648

Thi Lan Truong
18692 Jockey Circle
Huntington Beach, CA 92648

Truong & Montpellier, Inc.
18692 Jockey Circle
Huntington Beach, CA 92648

Kenneth Owen Jones, Jr.
7772 Liberty Avenue
Huntington Beach, CA 92647

[ X ] (BY MAIL)

[X]   I deposited such envelope(s) in the mail at, Santa Ana, California. The envelopes were mailed with postage thereon fully prepaid.

Executed on July 5, 2013, at Santa Ana, CA.

[ X ]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Mimi Chou